May Term,
1856.

BRANSCUM
v.
THE STATE.

Thursday,
June 12.

BRANSCUM *v.* THE STATE.

Information against *A.* for money won of *B.* at a game of cards. On the trial, *B.* testified that on or about the day stated in the information, he played cards with *A.*, who won from him two five dollar gold pieces, at, &c. *Held*, that the testimony obviously meant that the money was paid over to *A.*

APPEAL from the *Howard* Circuit Court.

DAVISON, J.—Indictment for gaming. The charge is that the defendant, on, &c., at, &c., won of one *Burk* 10 dollars in five dollar pieces of gold, of the value of 10 dollars, by playing and betting upon a game of cards between the defendant and *Burk.* Plea, not guilty. Upon the trial *Burk* was produced, and testified that " on or about the day stated in the information, he played cards with the defendant, who won of him two five dollar gold pieces, at the county of *Howard.*" This was all the evidence. The Court, to whom the cause was submitted, found for the state; and, over a motion for a new trial, gave judgment in her favor.

The evidence, it is contended, is defective, because it does not show "that the gold pieces, or either of them, were paid over to *Burk* pursuant to the winning." There is nothing in the objection. The code provides that " every person who shall, by playing or betting, at or upon any game or wager, either lose or win any article of value, shall be fined," &c. 2 R. S. 435. The evidence, it seems to us, makes a case plainly within the intent of the statute. That he " won of *Burk* two five dollar gold pieces," obviously means that the defendant had acquired them; that he obtained possession of the thing for which the game was played.

*Per Curiam.*—The judgment is affirmed, with costs.

*N. R. Linsday* and *T. R. Harrison*, for the appellant.

*J. W. Gordon*, for the state.